No. 3473.—BOLIVAR EDWARDS, District Attorney, etc., *v.* JOHN EVANS.

Section nine of the Revenue Act of 1871, which gives the Governor the power to appoint tax collectors in the different parishes of the State who are to hold their offices for the term of two years, does not vacate the offices of tax collectors, who were appointed under the Revenue Law of 1870 for the term of two years. An appointment of a person as tax collector under the law of 1871, who had previously been appointed to the same office under the law of 1870 and rejected by the Senate, was therefore in conflict with article sixty-one of the Constitution which forbids the appointment of any person to the same office during the recess of the Senate, who had been rejected by that body.

APPEAL from the Sixth Judicial District Court, parish of Tangipahoa. *Ellis,* J. *Bolivar Edwards,* District Attorney, for plaintiff and appellee. *Emmett D. Craig,* for defendant and appellant.

HOWE, J. By the tenth section of the Revenue Act of 1870, 131, it was provided that for the several parishes of the State, except the parish of Orleans, the Governor should nominate, and by and with the advice and consent of the Senate, appoint one tax collector for the term of two years, which appointment should date from the first Monday of April, 1870, and should be made every two years thereafter.

Under this provision the defendant was appointed tax collector of the parish of Tangipahoa.

At the session of 1871 his name was sent in to the Senate, and the nomination rejected. The nomination was again sent in, but for some reason was not acted on.

By the Revenue Act of March 3, 1871, it was provided that for each of the parishes of the State, except the city of New Orleans, the

12

Governor should *upon the expiration of the term of office* of the present incumbents, or in case of *vacancy from any cause* whatever, nominate,. and, by and with the advice and consent of the Senate, appoint one tax collector, which appointment should date from the first Monday of January, 1871, and should be made every two years thereafter.

Under this provision the defendant on the third of March, 1871, was again appointed tax collector of Tangipahoa.

The only question necessary to consider in this case is whether this last appointment was made in contravention of article sixty-one of the Constitution which declares, that "no person who has been nom-- inated for office, and rejected by the Senate, shall be appointed to the same office during the recess of the Senate."

We understand from the argument that the defendant was appointed in March, 1871, upon the hypothesis that the act of 1871 above quoted established practically a new office in which there was an "original vacancy," and that his appointment therefore was not in violation of the sixty-first article of the Constitution.

We are constrained to think that the appointment of March, 1871, was made in error. The act of 1871 did not create a new office of tax collector, nor did it abolish the old one. It merely provided a method of filling vacancies in the office, whether occasioned by expiration of term or otherwise; and fixed a time for which the appointees to such vacancies should hold. State v. Kreeder, 21 An. 482.

In this view we see no error in the judgment against the defendant. Judgment affirmed.

Rehearing refused.